[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on February 23, 1991 at South Windsor, Connecticut.
All jurisdictional requirements have been.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all the statutory criteria contained in Conn. Gen. Stat. Secs. 46b-81 and 46b-82 and enters the following orders:
1. The marital home shall be continuously listed for sale by the parties. The parties shall act in good faith and with due diligence in effectuating a sale of the premises. The listing price shall be automatically reduced by $3500.00 every three months unless otherwise mutually agreed upon by the parties in writing.
Upon the sale of the premises, each party shall receive one half of the net proceeds of the sale. Net proceeds shall be CT Page 5957 defined as the sales price less the usual and customary costs of closing, including a real estate commission, the balance of the mortgage (assuming timely payment thereof, if there is a mortgage arrearage it shall be paid from the proceeds of the person who has been delinquent) and taxes. In the event that the real estate is not sold before May 1, 1998, any tax liability incurred by the defendant in connection with the sale shall be paid from the proceeds prior to their division. Until such time as the premises are sold, the monthly mortgage, taxes and insurance payments shall be paid seventy five per cent by the plaintiff and twenty-five percent by the defendant. Until such time as the real estate is sold, the plaintiff shall have exclusive use and possession of the premises provided she is current with her obligation to pay the carrying costs. In the event that any other individual shall reside in the premises, such occurrence shall be grounds to modify the parties' respective obligations regarding the carrying costs and the right to live in the home. In the event that the plaintiff might wish to vacate the home, she may do so upon thirty days written notice to the defendant of her intent to do so. The defendant may then occupy the premises under the same terms and conditions applied to plaintiff in regard to carrying costs and maintenance.
The plaintiff shall be responsible for all other expenses associated with the home including minor repairs. In the event of any repair costing over $500.00 the parties shall agree on the necessity of said repair in advance (except for emergencies) and shall share in the repair in proportion to the award of equity made herein.
The court retains jurisdiction over all aspects of the sale of the home and the terms and conditions affecting rights of the parties regarding use and possession of the premises.
Each party shall have the right to purchase the other party's interest in the home at any time prior to a sale to a third party as follows:
a) By tendering a mutually agreed upon price to the other simultaneously with the execution and delivery by the other party, of a quit-claim deed releasing his or her interest in the property together with a release of the other party from his or her obligation on the existing mortgage.
b) In the event that the parties cannot agree upon a price, CT Page 5958 the amount of the payment shall be determined at 97 per cent of the average value of three outside appraisals, less the balance of the outstanding mortgage, multiplied by fifty per cent and the release of the other party from his or her obligation on the existing mortgage by the lending institution.
Both parties shall release the lis pendens filed against the property in a timely manner so as to effectuate the terms of the orders herein.
2. The wife is awarded the Honda and the husband is awarded the Toyota. Each party shall be responsible for all costs associated with their car, including insurance.
3. The mutual fund accounts except for the Dodge and Cox account previously divided, are awarded to the plaintiff. The plaintiff is awarded her checking and savings accounts, her IRA and her profit sharing account.
4. The defendant is awarded his 401k account, his pension, his stock, and his checking and savings accounts, as well as the Dodge and Cox account listed on his affidavit.
5. The parties shall divide their personal property in accord with schedule A attached to the defendants's prayer for relief.
6. The parties shall sign and exchange any documents necessary to effectuate the orders herein within two weeks.
BY THE COURT
ELAINE GORDON, JUDGE